UNITED STATE DISTRICT CORT
SOTUHERN DISTRICT OF OHIO
WESTERN DIVISION

OHIO VALUE PHYSICIANS, INC.,                    Case No. 1:20-cv-453
et al.,
      Plaintiffs,                                Litkovitz, M.J.

       v.

SCOTTSDALE SURPLUS                              **ORDER**
LINES INSURANCE COMPANY,
      Defendants.

## I.    Introduction

Plaintiffs Ohio Valley Physicians, Inc. and Ohio Valley Real Estate Company, LLC (collectively, OVP) bring this action alleging claims of breach of contract, bad faith, and declaratory judgment against defendant Scottsdale Surplus Lines Insurance Company (Scottsdale).  This matter is before the Court on Scottsdale's motion to bifurcate and stay discovery (Doc. 33), OVP's response in opposition (Doc. 34), and Scottsdale's reply (Doc. 35).

## II.    Background[1]

OVP owns a medical facility in South Point, Ohio (the Property) where they provide emergency care, primary care, counseling services, and substance abuse treatment.  In 2019, Scottsdale "issued and/or underwrote" an insurance policy covering the Property, which was effective between December 31, 2019 and March 31, 2020.  (Doc. 8 at PAGEID 153, ¶ 10).  On or about January 23, 2020, the Property sustained extensive damage from a leak in the sprinkler system.  When firefighters arrived at the scene, they stopped the leak by shutting down the sprinkler system.  A firefighter's report indicated that the cause of the damage was the building's

---

[1] The factual background is derived from the amended complaint and attached insurance policy.  (Docs. 8, 8-1).

fire suppression system.  OVP filed a timely insurance claim to cover its losses—alleged to be in excess of $258,000.

On February 12, 2020, Scottsdale denied the claim based on an insurance adjuster's report concluding that the damage and loss was caused by frozen pipes.  OVP was not provided with a copy of the adjuster's report.  On February 28, 2020, Scottsdale hired an engineer to inspect the Property.  OVP contends, however, that Scottsdale refused to furnish the engineer's report until after it was able to speak with the firefighter who first assessed the damage to the Property.  OVP filed suit on June 5, 2020, alleging a breach of contract claim based on Scottsdale's failure to pay for losses under the insurance policy, a bad faith claim based on Scottsdale's failure to pay and mishandling of the claim, and a declaratory judgment claim.  Following the filing of this action, Scottsdale provided OVP with the engineer's report, which OVP alleges "does not conclusively state what caused the leak."  (Doc. 8 at PAGEID 157, ¶ 46).

### III.    Motion to Bifurcate and Stay Discovery

Scottsdale asks the Court to bifurcate OVP's breach of contract and bad faith claims into separate trials and to stay discovery related to OVP's bad faith claims until the breach of contract claim is resolved.  Scottsdale argues that the Court is required to bifurcate an action bringing claims for both compensatory and punitive damages.  Scottsdale also argues that it would be prejudiced by a lack of bifurcation.

OVP argues that the Court is not required to bifurcate this action and that Scottsdale has failed to demonstrate how its coverage defense would be prejudiced without bifurcation.  OVP further argues that the prejudice analysis weighs in its favor, as bifurcation would result in increased litigation expenses.  Relatedly, OVP emphasizes that there are two types of bad faith claims under Ohio law, the second of which does not depend on the success of the breach of

contract claim.  Therefore, OVP argues that bifurcation would generate "substantial duplication on several issues."  (Doc. 34 at PAGEID 440).

Scottsdale relies on Ohio Rev. Code § 2315.21(B)(1), which states in relevant part:

> In a tort action that is tried to a jury and in which a plaintiff makes a claim for compensatory damages and a claim for punitive or exemplary damages, upon the motion of any party, the trial of the tort action shall be bifurcated. . . ."

Scottsdale cites *Retail Ventures v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. 2:06-cv-443, 2010 WL 11538538 (S.D. Ohio Apr. 8, 2010), in support of its position that "federal courts in Ohio sitting in diversity favor bifurcation under Ohio Rev. Code 2315.21(B)."  *Id.*, *2 (citations omitted).  This reliance is misplaced, however, because bifurcation in federal court "is a procedural, and not substantive, matter. . . ."  *Pryor v. State Farm Mut. Auto. Ins. Co.*, No. 1:16-cv-312, 2017 WL 354228, at *2 (S.D. Ohio Jan. 23, 2017) (citing *Piskura v. Taser Int'l, Inc.*, No. 1:10-cv-248, 2013 WL 3270358, at *2 (S.D. Ohio June 26, 2013)).  Therefore, Federal Rule of Civil Procedure 42 governs the bifurcation of this action.  *Id.  See also Oster v. Huntington Bancshares*, No. 2:15-cv-2746, 2017 WL 3208620, at *2 (S.D. Ohio Jul. 28, 2017) (holding that bifurcation is a procedural matter under Fed. R. Civ. P. 42(b) despite the Supreme Court of Ohio's characterization of Ohio Rev. Code § 2315.21(B)(1) as substantive).  Rule 42(b) provides:

> **Separate Trials.**  For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims.  When ordering a separate trial, the court must preserve any federal right to a jury trial.

The decision to bifurcate and stay discovery is within the district court's discretion and fact specific.  *Saxion v. Titan-C-Mfg., Inc.*, 86 F.3d 553, 556 (6th Cir. 1996) (citations omitted).  "Bifurcation is reserved for exceptional cases."  *Oster*, 2017 WL 3208620, at *2 (citation omitted).  "The party seeking bifurcation has the burden of showing that concerns

such as judicial economy and prejudice weigh in favor of granting the motion[,]" *Woods v. State Farm Fire & Cas. Co.*, No. 2:09-cv-482, 2010 WL 1032018, at *1 (S.D. Ohio Mar. 16, 2010) (citing Wright & Miller, Federal Practice and Procedure § 2388 (2d ed. 2006)), but only one of the bifurcation criteria from Rule 42 must be met in order to satisfy that burden. *Saxion*, 86 F.3d at 556.

Scottsdale asks the Court to bifurcate the breach of contract and bad faith claims because the evidence relative to each is "entirely separate and distinct" and because OVP's bad faith claim is "at least partially mooted" if it does not prevail on the breach of contact claim; therefore, judicial economy is not served by allowing both matters to proceed simultaneously. (Doc. 33 at PAGEID 431). Scottsdale also argues that it would be prejudiced by discovery of its information and documents, including the claim file, in the coverage phase of the trial.

Scottsdale's argument is unavailing. Although Scottsdale asserts that it will be prejudiced without bifurcation of the claims, "[a] mere assertion of prejudice is insufficient— 'a defendant must make a specific showing that the discovery will prejudice its defense.'" *Excel Direct, Inc. v. Nautilus Ins. Co.*, No. 2:16-cv-446, 2017 WL 127480, at *2 (S.D. Ohio Jan. 13, 2017) (citing *Wolkosky v. 21st Century Centennial Ins. Co.*, No. 2:10-cv-439, 2010 WL 2788676, at *4 (S.D. Ohio Jul. 14, 2010)). *See also Woods*, 2010 WL 1032018, at *3 (holding that "[a] defendant cannot rely on mere assertions that permitting discovery on the bad-faith claim will prejudice its ability to defend the underlying coverage claim; a specific showing is required.") (citations omitted).

In *Excel Direct, Inc.*, the defendant insurance company filed a motion to bifurcate and stay discovery of a bad faith claim. 2017 WL 127480, at *1. The insurance company argued

that bifurcation was necessary to prevent disclosure of prematurely protected and privileged materials. *Id.* at *2. In denying the motion for bifurcation, the court held that the insurance company failed to make a specific showing of prejudice to its defense, relying on mere assertions that the alleged discovery would prejudice its defense. *Id.* Similarly, in *Pryor*, the court denied the defendant's motion for bifurcation because the defendant did not present the court with "*specific* information related to judicial economy, potential prejudice, or convenience to the parties to suggest that bifurcation is required. . . ." 2017 WL 354228, at *3. The *Pryor* court denied the motion for bifurcation because it was only supported by "generalized objections and no specific showing of prejudice." *Id.* Likewise , in *Carpenter v. Liberty Ins. Corp.*, No. 3:17-cv-00228, 2017 WL 6055118 (S.D. Ohio Dec. 7, 2017), the court denied the insurance company's motion to bifurcate "because it d[id] not indicate how revealing its evaluation of Plaintiffs' claim for benefits w[ould] hinder its ability to defend against Plaintiffs' breach-of-contract claim." *Id.*, *2; *see also Penn-Starr Ins. Co. v. Barr Bros. Plastering Co*., No. 2:10-cv-00587, 2011 WL 1256623, at *3 (S.D. Ohio Mar. 31, 2011) (denying motion to bifurcate where an insurance company asserted that certain discovery requests implicated the attorney-client privilege but did "not specifically indicate whether, or how, providing such information will prejudice it with regards to defending on the coverage dispute.").

Finally, the undersigned recently addressed this same issue in *Jennings v. Allstate Vehicle and Property Ins. Co.*, No. 1:20-cv-464, 2020 WL 7046890 (S.D. Ohio Dec. 1, 2020). In *Jennings*, the insurance company defendants filed a motion to bifurcate and stay discovery of a bad faith claim. The insurance companies argued that bifurcation was necessary because the failure to do so "would potentially allow the Plaintiffs to obtain file

5

materials showing how the Defendants analyzed and evaluated [the] claims. . . ." *Id.* at *2. In denying the motion, the undersigned held that because the insurance companies failed to articulate specific facts indicating prejudice, their "blanket assertion[s]" were speculative and therefore insufficient. *Id.* at *3.

As in the above-referenced cases, Scottsdale has not met its burden to justify bifurcation. Scottsdale generally alleges it will suffer "irreparable prejudice" unless "information and documents entirely irrelevant to the coverage matter (e.g., the claim file) [are] protected from disclosure. . . ." (Doc. 33 at PAGEID 431; Doc. 35 at PAGEID 444). Scottsdale's blanket assertions, without more, do not meet the threshold showing of prejudice required to warrant bifurcation under Rule 42.

Scottsdale also argues that OVP's coverage and bad faith claims are separate and distinct; as such, the Court would waste judicial resources in proceeding on the latter, which could be eliminated by an unfavorable result for OVP on the former. But "a defendant may not rely on the mere possibility that resolution of the coverage issue may preclude plaintiff's bad-faith claim." *Woods*, 2010 WL 1032018, at *3 (citing *Gen. Elec. Credit Union v. Nat'l Fire Ins. of Hartford*, No. 1:09-cv-143, 2009 WL 3210348, at *4 (S.D. Ohio Sept. 30, 2009)). Certain bad faith claims exist independent of a contractual obligation for coverage. *See Gen. Elec. Credit Union*, 2009 WL 3210348, at *4. In *Gen. Elect. Credit Union*, the court concluded that factual allegations related to the improper investigation of a fire overlapped with whether coverage was properly denied. 2009 WL 3210348 at *3. *See also Penn-Starr Ins. Co.*, 2011 WL 1256623 at *3 (finding it likely "that the insurance coverage issues in this case involve the same documents and witnesses relevant to [the] extra-contractual claims."). Moreover, "[n]othing suggests that [a] jury would be confused by hearing the bad-faith claim

6

alongside the other claims.  Any confusion [could] be alleviated through proper jury instructions" and, "[i]f anything, staying discovery and holding separate trials would protract the litigation and increase costs for both sides." *Bonasera v. New River Elec. Corp*., No. 2:19-cv-3817, 2021 WL 490257, at *8 (S.D. Ohio Feb. 10, 2021).

In its response, OVP highlighted the allegations from its amended complaint forming the basis of a stand-alone bad faith claim (i.e., related to the processing and handling of the claim).  (*See* Doc. 34 at PAGEID 439-40).  As such, Scottsdale has not met its burden to demonstrate that the interests of judicial economy and expediency are better served through bifurcation of this action.

## IV.    Conclusion

The Court finds that bifurcation and a stay of discovery on OVP's bad faith claims is not warranted at this stage of the proceedings.  Scottdale's generalized contention about the potential for prejudice is not enough to sustain its burden under Rule 42.  Whether OVP is covered under the insurance policy and whether Scottsdale mishandled its claim or denied coverage in bad faith arise out of the same set of facts and are closely intertwined. Moreover, OVP's bad faith claims are not entirely dependent on the success of its coverage claim.  Therefore, to bifurcate the issues would neither expedite this litigation nor promote judicial economy.  The Court therefore exercises its discretion to deny Scottsdale's joint motion to bifurcate and stay discovery on the bad faith claims at this time.  The Court may reconsider this issue if it appears after the completion of discovery that Scottsdale will suffer legal prejudice if the issues are not bifurcated.

**IT IS THEREFORE ORDERED THAT** Scottsdale's motion to bifurcate and stay discovery (Doc. 33) is **DENIED**.

Karen L. Litkovitz
United States Magistrate Judge